# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46136-6-II |
| Petitioner, | |
| v. | |
| JASON C. STYMACKS, | UNPUBLISHED OPINION |
| Respondent. | |

WORSWICK, J. — The State appeals the trial court's written ruling granting Jason C. Stymacks's motion to suppress evidence of his refusal to submit to a breath test following his arrest for felony driving under the influence (DUI).  The State argues that the trial court erred in granting Stymacks's motion to suppress because a driver's refusal to submit to a breath test is admissible evidence.  Stymacks concedes error.  We accept Stymacks's concession, reverse the trial court's ruling, and remand for further proceedings.

## FACTS

Stymacks was arrested for felony DUI.  After Stymacks was placed under arrest, an officer read Stymacks his constitutional rights and his implied consent warnings.[1]  Stymacks then refused to submit to a breath test.  The State charged Stymacks with felony DUI.[2]

---

[1] Any person who operates a motor vehicle within the state is deemed to have given consent to breath testing for the purpose of determining the alcohol concentration in his or her breath. Former RCW 46.20.308(1) (2008).  The officer requesting a breath test must provide warnings to the driver that refusal to submit to the test may be used in a criminal trial.  Former RCW 46.20.308(2)(b).

[2] Former RCW 46.61.502(6) (2011).

Prior to trial, Stymacks moved to suppress evidence of his refusal to submit to a breath test, arguing that the breath test was an unconstitutional, warrantless search. The trial court granted Stymacks's motion to suppress, concluding that a defendant's refusal to submit to a breath test is not admissible as evidence of guilt. The State moved for, and we granted, discretionary review of the trial court's written ruling.

ANALYSIS

The State argues that the trial court erred in suppressing evidence of Stymacks's refusal to submit to a breath test because such evidence is admissible under *State v. Baird*, 187 Wn.2d 210, 386 P.3d 239 (2016). Stymacks concedes error, and we accept his concession.

We review challenges to a trial court's legal conclusion on a motion to suppress de novo. *Baird*, 187 Wn.2d at 218. A breath test is a search under the Fourth Amendment and under article I, section 7 of the Washington Constitution. *State v. Garcia-Salgado*, 170 Wn.2d 176, 184, 240 P.3d 153 (2010). Generally, "[w]e presume that a warrantless search violates these constitutional provisions." *Baird*, 187 Wn.2d at 218. However, there are limited exceptions to the warrant requirement, and the State bears the burden of showing that a search falls within one of these "narrowly drawn" exceptions. *Garcia-Salgado*, 170 Wn.2d at 184.

In *Baird*, the Washington Supreme Court determined that a post-arrest breath test is a search incident to arrest and is an exception to the warrant requirement. 187 Wn.2d at 222. The court held that evidence of a defendant's refusal to submit to a breath test is admissible evidence of guilt at trial because there is no constitutional right to refuse a search that is incident to arrest. 187 Wn.2d at 228-29.

No. 46136-6-II

Here, Stymacks was arrested for felony DUI. An officer advised Stymacks of the implied consent warning and requested that he submit to a breath test. Stymacks refused. The trial court later granted Stymacks's motion to suppress, concluding that a defendant's refusal to submit to a breath test is not admissible as evidence of guilt.

Under *Baird*, a post-arrest breath test is a constitutional search incident to arrest. 187 Wn.2d at 222. As a result, evidence of Stymacks's refusal to submit to a breath test is admissible. Accordingly, the trial court erred in granting Stymacks's motion to suppress evidence of his refusal to submit to a breath test. Thus, we accept Stymacks's concession, reverse the trial court's ruling granting Stymacks's motion to suppress, and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.

3